Filed 3/10/22  P. v. Simms CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092723 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F04222) |
| v. | |
| LAMAR DESHON SIMMS, | |
| Defendant and Appellant. | |

In 1993, a jury found defendant Lamar Deshon Simms guilty of second degree murder and assault with a deadly weapon.  Defendant appeals the denial of this petition for resentencing pursuant to Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause and the court erred in relying on this court's prior opinion to conclude defendant was ineligible for relief under section 1170.95 at the prima facie stage.  The Attorney General concedes the error.  We reverse and direct the trial court to issue an order to show cause under section 1170.95, subdivision (c).

---

[1]  Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

*I. Statement of Facts*

We take the facts from our prior opinion. (*People v. Simms* (Feb. 9, 1996, C017594) [nonpub. opn.] (*Simms*).)

Defendant and codefendant Damian Mitchell were convicted of the murder of Ruben Johns. Johns and defendant were involved in an ongoing dispute. As the dispute continued, defendant paged codefendant Mitchell and entered the codes "911" and "187," for emergency and murder respectively. Defendant took a 12-gauge shotgun from the trunk of his car and waited for Mitchell to arrive. He pumped and primed the weapon making sure it was loaded. When Mitchell arrived, he asked, " 'who's [Johns]?' " Defendant and Johns began arguing again, and that arguing escalated into a physical altercation. Johns stabbed defendant in the chest and defendant dropped the shotgun. Mitchell picked up the shotgun and pointed it at Johns. As Johns backed away with his hands up, defendant told Johns to " 'kiss his momma good-bye.' " Mitchell fired once, striking Johns in the upper chest and neck. Johns died at the scene.

Defendants claimed the shooting was in self-defense. Defendant claimed he only brought the weapon to the fight because he heard Johns was seen passing a gun around. When defendant saw Johns was unarmed, he asserted he threw the gun aside and then Johns stabbed him. Defendant testified he did not tell Johns to " 'kiss his momma good-bye.' " Mitchell testified he only fired the weapon because Johns " 'flinched' " at him with the knife. Mitchell denied aiming at Johns and claimed he did not mean to shoot him.

The jury found defendant guilty of second degree murder (§ 187) and assault with a deadly weapon (§ 245, subd. (a)(2)). It found true the allegation defendant was a principal in the murder and one or more principals were armed with a firearm. (§ 12022, subd. (a).) It also found true the allegation defendant personally used a firearm in the assault with the deadly weapon. (§ 12022.5, subd. (a).) The trial court sentenced

defendant to 15 years to life plus a consecutive one year for the section 12022, subdivision (a), enhancement. We affirmed the conviction on direct appeal.

## II.     *Petition for Resentencing Under Section 1170.95*

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1170.95 to have his murder conviction vacated and to be resentenced. Defendant's section 1170.95 petition declared he met the requirements for relief, specifically, that: (1) the complaint, information, or indictment filed against him allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019. Defendant also requested the court appoint him counsel. The court appointed counsel for defendant and the parties briefed whether defendant had stated a prima facia case for relief under section 1170.95.

In ruling on the petition, the trial court examined our prior opinion in detail. The court paid particular attention to our discussion of whether there was substantial evidence to support defendant's murder conviction. Based on our resolution of that question, the trial court found: "the evidence was overwhelming that [defendant] planned to murder the victim, solicited assistance from codefendant Mitchell, the two went together to see the victim, [defendant] had the gun at first but upon being stabbed, Mitchell picked up the gun and [defendant] then virtually directed Mitchell to shoot the victim, by stating 'kiss his mama good-bye.' One cannot imagine a more <u>intentional</u> murder than this one, and defendant . . . was the instigator from the outset, with intent to kill from the moment he sent codefendant Mitchell the '187' message. As such, this Court finds beyond a reasonable doubt that defendant . . . is not a person who 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019,' as clearly a jury could – and did – convict him of malice aforethought murder, a

3

theory of murder that has not been altered by [Senate Bill] 1437. [¶] The court may make this assessment at this time, as it is based on the Third District's summary of the trial evidence that is included in its opinion on appeal. The court's assessment is a sufficiency of the evidence assessment, not a weighing or credibility determination . . . . When the evidence shows that a jury could find beyond a reasonable doubt that the defendant could be convicted of the murder, even under [Senate Bill] 1437, the defendant is not eligible for relief under . . . [section] 1170.95." The trial court denied the petition.

## DISCUSSION

Defendant argues the trial court erred when it engaged in judicial factfinding at the prima facie stage of the petition process. The Attorney General concedes defendant made a prima facie showing and the trial court's denial at the prima facie stage was improper because the record of conviction fails to prove beyond a reasonable doubt defendant is ineligible for relief as a matter of law. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1170.95,[2] which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder

---

[2] Unless otherwise indicated, references in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on the petition. (Stats. 2018, ch. 1015, § 4.) The Legislature further amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised in this appeal.

conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

Section 1170.95 includes a prima facie determination.  Under subdivision (c), the trial court must appoint defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief."  (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960-961.)  In performing this preliminary screening function, the court should accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis,* at p. 974.)  Courts, however, are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made."  (*Id.* at p. 970.)  Thus, if the record of conviction establishes the petition lacks merit as a matter of law, the trial court may deny the petition without conducting further proceedings.  (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision ](a), then the trial court should issue an order to show cause.

5

(§ 1170.95[, subd. ](c).) Once the trial court issues the order to show cause under section 1170.95[, subdivision ](c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981, abrogated on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963.) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under section 1170.95, subdivision (a). The court appointed counsel for defendant and received briefing from the parties. The trial court's decision points to nothing in the record of conviction that demonstrates defendant was ineligible for resentencing as a matter of law. Rather, the trial court examined the evidence disclosed in this court's prior opinion on the question of whether substantial evidence supported the conviction and made factual findings based on that evidence. This factfinding was not permissible at this stage of the proceedings. (§ 1170.95, subd. (c).)

Instead, the trial court should have issued an order to show cause for an evidentiary hearing. (*People v. Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) At that point, the prosecution may either concede defendant is eligible for resentencing or proceed to a hearing where either party may present additional evidence and the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(2) & (3).) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under amended section 1170.95, subdivision (c), and hold a hearing under amended section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

6

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under amended section 1170.95.


/s/
HOCH, J.


We concur:


/s/
RAYE, P. J.


/s/
MAURO, J.

7